EDITH CHRISTIAN *vs.* WALTER POMEROY.

Androscoggin.      Opinion, November 13, 1933.

*Frank T. Powers,* for plaintiff.
*John G. Marshall,*
*Fred H. Lancaster,* for defendant.

SITTING : PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

PATTANGALL, C. J.   Motion and exceptions. Action to recover damages sustained in automobile collision resulting from alleged negligence of defendant. Verdict for plaintiff. Damages assessed in the sum of $3,141.67.

It is unnecessary to relate the details of the case. The defense was not without merit and the record presents close questions of fact. Concerning them, however, it is sufficient to say that the verdict is supported by evidence which the jury had a right to believe and that its decision must be respected at least so far as liability is concerned. The issues involved are not for decision by this Court in the first instance, and on this record we can not rightfully disturb the findings of the original triers of fact.

The exceptions relate to the exclusion of evidence offered for the purpose of showing that in a former trial in which defendant in the present case was plaintiff and the owner of the car in which the present plaintiff was riding as a passenger was defendant, the then plaintiff recovered damages. It was claimed that the result of that trial absolved this defendant from the charge of negligence, and urged that while the doctrine of res judicata could not be invoked in his behalf against this plaintiff, the parties not being identical, she was estopped from pursuing this action by reason of the prior judgment.

The presiding Justice refused to entertain the defense thus set up and ordered the pleadings amended by striking out the relation of events upon which it was based, confining defendant to the mere statement that "plaintiff is estopped by a former judgment," and held inadmissible evidence offered in support of the facts stated above.

We are unable to find any authority in support of defendant's position that the result of the former trial, in which plaintiff was not a party, acted as an estoppel against her. Defendant cites no case on which to base such a theory, and we do not care to inaugurate so novel a departure from what seems to be settled law, namely, that no party may be denied a day in court unless a judgment on the merits, in an action for the same cause between the same parties, has been rendered.

The judgments in the case in which the present defendant was

plaintiff and that in the case at bar may be inconsistent, but the possibility of such a result could not prevent plaintiff from submitting her case to a jury; and having so submitted it, the result is not to be controlled by that of the former case.

In addition to the general motion, a special motion was filed attacking the damages as excessive. Defendant's position in this respect is unassailable. The injuries sustained by plaintiff were a broken collar bone, a slight cut over the eye, and bruises on her body. Admittedly no importance attached to any injury excepting the broken collar bone. She was unable to work for about six weeks and expended $50 for medical attendance. She necessarily suffered some pain and inconvenience. Assuming reasonable compensation for lost time and allowing for such pain and suffering as she may have sustained, it would seem that $1,000 would compensate her generously for all that she could legally demand.

*Exceptions overruled.*
*Motion sustained unless within thirty days from filing of this mandate plaintiff files a remittitur of all of the amount recovered in excess of $1,000.*